UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23350-CIV-GRAHAM/TORRES

KING COLE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO STAY RESOLUTION OF QBE'S MOTION FOR ATTORNEYS' FEES AND COSTS (D.E. 169) PENDING RESOLUTION OF PLAINTIFF'S APPEAL TO THE ELEVENTH CIRCUIT COURT OF APPEALS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, KING COLE CONDOMINIUM ASSOCIATION, INC. ("King Cole"), by and through its undersigned counsel, hereby submits this Motion to Stay Resolution of QBE's Motion for Attorneys' Fees and Costs Pending Resolution of Plaintiff's Appeal to the Eleventh Circuit Court of Appeals ("King Cole's Motion to Stay"), and states as follows:

### *BACKGROUND*

The jury entered a verdict in favor of QBE on January 19, 2010. (D.E. 152). The Court subsequently entered its Final Judgment on January 20, 2010. (D.E. 153). On January 29, 2010, King Cole timely filed a Motion for New Trial (D.E. 161) and a Renewed Motion for Judgment as a Matter of Law (D.E. 162). QBE subsequently filed a Motion for Attorneys' Fees and Costs on February 19, 2010 seeking $326,187.50 in attorneys' fees and $140,617.56 in costs. (D.E. 169). Magistrate Judge Torres entered an Order allowing King Cole to file its Response to

QBE's Motion for Attorneys' Fees and Costs fourteen days after the Court resolved King Cole's post-trial motions. (D.E. 173).

On July 27, 2010, the Court entered an Order denying King Cole's Motion for New Trial and its Renewed motion for Judgment as a Matter of Law. (D.E. 185). King Cole filed its Notice of Appeal on August 6, 2010. (D.E. 186). Pursuant to Magistrate Judge Torres' Order, King Cole's Response to QBE's Motion for Attorneys' Fees and Costs was filed on August 10, 2010. (D.E. 187).

### *MEMORANDUM OF LAW*

The law is clear that the Court has the power to issue a stay, which is "'incidental to the power inherent in every court to control the disposition of its docket with economy of time and effort for itself, for counsel, and for litigants.'" Morrison v. YTB Int'l, Inc., 2010 WL 1931127, *1 (S.D.Ill. 2010)(internal citation omitted). "The decision to issue a stay rests within a district court's discretion, subject to the requirement that such discretion be exercised in a manner that is consistent with equity and judicial economy." Id. It is appropriate for the Court to enter a stay in a situation where a ruling dispositive of a case is pending "in the case in which as stay is under consideration or in a separate matter." Id. Since this case has been appealed, it is unclear whether QBE will ultimately be entitled to attorneys' fees and costs as the "prevailing party."

The jury's affirmative answer to the following question resulted in a verdict favorable to QBE: "Do you find from a preponderance of the evidence: That King Cole failed to comply with conditions precedent or the post loss conditions of the policy *__before filing this lawsuit__*?" (D.E. 152, p.1)(emphasis added). King Cole maintains that the jury's verdict was against the great weight of the evidence because the jury was not presented with any evidence that King Cole failed to comply with any conditions precedent or post loss conditions *__before__* it filed a

lawsuit against QBE. Since King Cole appealed the Court's denial of the Motion for New Trial, the Eleventh Circuit Court of Appeals will issue a dispositive ruling on whether QBE is truly the "prevailing party" in this case. Due to King Cole's contention that there is no evidence in the record to support the jury's verdict in this case, the Court should exercise its discretion and enter a stay of the attorneys' fees and costs proceedings pending a resolution of King Cole's appeal

The order entered in Gautier v. Jones, 2009 WL 2929338 (W.D.Okla. 2009) supports King Cole's request for a stay in this case. In Gautier, the plaintiff was entitled to an attorneys' fees award as the prevailing party. Nevertheless, the court recognized that "the existence of a pending appeal alters the situation slightly. There is a chance that the Court's Order will be reversed, at which time Plaintiff will no longer be a prevailing party. Therefore, the Court finds it appropriate to stay Plaintiff's award of fees in this case until after resolution of Defendant's appeal." Id. at *3.

The ruling in Gautier is in accord with this Court's prior order in Morris v. Ariz. Bev. Co., LLC, 2005 WL 5544958, *1 (S.D.Fla. 2005). In Morris, this Court entered an order staying the proceedings regarding a motion for costs pending resolution of the appeal pending before the Eleventh Circuit. Id. After a motion for attorneys' fees was filed, the Court referred the matter to Magistrate Judge Garber. Magistrate Judge Garber subsequently entered a stay of the attorneys' fees proceedings resolution of the appeal. In light of this Court's prior ruling in Morris, and the reasoning set forth in Gautier, King Cole respectfully requests the Court exercise its discretion and grant King Cole's Motion to Stay in this case. Id.; S-Tronix v. Submedia, LLC, 2010 WL 331785, *3 (D.Or. 2010)(court stayed further proceedings on motion for attorneys' fees pending resolution of appeal); Gonzalez v. Gaines, 91 F.3d 141, *2 (5th Cir.

1996)(district court granted joint request for a stay of attorneys' fees proceedings pending appeal).

The Court should also grant King Cole's Motion to Stay in order to conserve scarce judicial resources. QBE's Motion for Attorneys' Fees and Costs, along with the "backup" documents attached thereto, is nearly 600 pages long. (D.E. 169 – D.E. 169-16). King Cole's Response to QBE's Motion for Attorneys' Fees and Costs pointed out the myriad deficiencies in QBE's Motion. (D.E. 187). After QBE files its Reply, if any, the Court will be required to undertake the burdensome task of reviewing more than six hundred pages of documents in order to separate the wheat from the chaff. In light of these circumstances, "[i]t makes sense, for reasons of judicial economy and reducing the parties' expenses, to stay the petition for attorneys' fees." 1st Westco Corp. v. Sch. Dist. of Philadelphia, 1993 WL 117539, *1 (E.D.Pa. 1993).

The court in 1st Westco Corp. was presented with the same issue. The plaintiffs in that case had summary judgment entered in their favor. The plaintiffs subsequently filed a motion for attorneys' fees as the prevailing parties. The defendants, however, appealed the court's ruling and filed a motion to defer consideration of the attorneys' fees motion until after the appeal was resolved. The court granted the defendants' motion to stay and noted that "[i]f I were to decide, before the Third Circuit adjudicates the appeal, the amount of attorneys' fees to which plaintiff is entitled, my decision could be rendered moot when that court issues its decision." 1st Westco Corp., 1993 WL 117539 at *1. The court also reasoned that it would be:

> well-advised to await the appellate outcome, since that outcome will determine whether the plaintiffs really are 'prevailing parties.' To indulge in the prolix task of parsing the plaintiffs' fee petition with the requisite sharp pencil, only to find that that jurisprudential adventure in adjudication turned out to be but an academic exercise, would be the epitome of judicial diseconomy. I do not find that the plaintiffs in this case will suffer undue hardship from having to wait a few months to receive their award of attorneys' fees, should their ultimate entitlement thereto be determined.

Id. Therefore, based upon the well-reasoned decision in 1st Westco Corp., the Court should grant King Cole's Motion to Stay in this case.

Finally, King Cole is a not-for-profit Florida corporation headed by volunteer board members. King Cole currently has 19 units in foreclosure, and 12 units are currently more than 30 days delinquent in paying their association fees. QBE, in contrast, is a multi-billion dollar international corporation. Staying the proceedings on QBE's Motion for Attorneys' Fees and Costs would not impose any hardship on QBE whatsoever. If the proceedings continue and the Court ultimately awards QBE attorneys' fees and costs, then King Cole will be required to incur the additional cost of posting a bond pending the Eleventh Circuit's resolution of this case. Requiring King Cole to expend its resources on an appellate bond would be improvident because the Eleventh Circuit's decision could render the Court's ruling on QBE's Motion for Attorneys' Fees and Costs moot. 1st Westco Corp., 1993 WL 117539 at *1. Accordingly, it makes sense to stay the proceedings on QBE's Motion for Attorneys' Fees and Costs pending resolution of the appeal. Id.; Morris, 2005 WL 5544958 at *1.

## *CONCLUSION*

Based upon the foregoing arguments and authorities, King Cole respectfully requests that the Court enter an order staying the proceedings on QBE's Motion for Attorneys' Fees and Costs pending resolution of the appeal before the Eleventh Circuit court of Appeals.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), Counsel for Plaintiff certifies that Richard Valuntas conferred with Amy DeMartino on August 5, 2010 regarding the instant Motion. Ms. DeMartino, counsel for Defendant, QBE Insurance Corporation, advised that QBE objects to the relief requested in this Motion.

Respectfully submitted,

ROSENBAUM MOLLENGARDEN JANSSEN &
SIRACUSA, PLLC
Counsel for Plaintiff
One Clearlake Centre
250 Australian Avenue South, Suite 500
West Palm Beach, Florida 33401
Telephone No. (561) 653-2900
Facsimile No. (561) 820-2542
rvaluntas@RMJSlaw.com
drosenbaum@RMJSlaw.com

BY:   /s/ Richard C. Valuntas
      DANIEL S. ROSENBAUM
      Florida Bar No. 306037
      RICHARD C. VALUNTAS
      Florida Bar No. 0151084

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFTY** that on August 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROSENBAUM MOLLENGARDEN JANSSEN &
SIRACUSA, PLLC
Counsel for Plaintiff
One Clearlake Centre
250 Australian Avenue South, Suite 500
West Palm Beach, Florida 33401
Telephone No. (561) 653-2900
Facsimile No. (561) 820-2542
rvaluntas@RMJSlaw.com
drosenbaum@RMJSlaw.com

BY:   /s/ Richard C. Valuntas
      DANIEL S. ROSENBAUM
      Florida Bar No. 306037
      RICHARD C. VALUNTAS
      Florida Bar No. 0151084

(*Service List follows*)

***Service List:***

Amy Millan DeMartino, Esquire
ademartino@wickersmith.com
J.J. Wicker, II, Esquire
jwicker@wickersmith.com
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
1645 Palm Beach Lakes Boulevard, Suite 700
West Palm Beach, Florida 33402
Telephone: (561) 689-3800
Facsimile: (561) 689-9206
Co-Counsel for Defendant, QBE Insurance Corporation

William Berk, Esquire
wberk@berklawfirm.com
Evelyn M. Merchant, Esquire
emerchant@berklawfirm.com
Berk, Merchant & Sims, PLC
2100 Ponce De Leon Blvd., Ph1
Coral Gables, Florida 33134
Telephone: (786) 338-2900
Facsimile: (786) 338-2888
Co-Counsel for Defendant, QBE Insurance Corporation

C. Deborah Bain, Esquire
C. Deborah Bain, P.A.
840 N. Federal Highway, Suite 305
North Palm Beach, FL 33408
Co-Counsel for Defendant, QBE Insurance Corporation

2034223