# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23350-CIV-GRAHAM/TORRES

KING COLE CONDOMINIUM ASSOCIATION,
INC., a Florida Non Profit Organization,

        Plaintiff,

vs.

QBE INSURANCE CORPORATION, a
foreign corporation,

        Defendant.
_____/

## ORDER DENYING MOTION TO STAY

This matter is before the Court on Plaintiff's Motion to Stay Resolution of QBE's Motion for Attorneys' Fees and Costs [D.E. 188] pending resolution of Plaintiff's appeal of the Court's final judgment to the Court of Appeals. The Court has reviewed the motion, the authorities cited, and the record in the case. As the Court finds that the motion on its face lacks merit, no response is required. The motion is Denied.[1]

1.      The motion requests an unsecured stay of QBE's motion for attorneys' fees that was filed following a final judgment entered in its favor after trial. This Court previously granted an extension for Plaintiff's response to the motion for fees pending resolution of the Plaintiff's post-trial motions. During that period, the trial court denied the post-trial motions and reaffirmed its judgment.

---

[1]      The motion for attorneys' fees and costs is pending and referred to the undersigned for disposition.

2.      Plaintiff has dutifully filed its response in opposition to the motion for fees. But Plaintiff also has now filed the pending motion seeking an indefinite and unsecured stay of QBE's motion pending resolution of Plaintiff's appeal. Plaintiff argues that judicial resources would be wasted if the Court resolved the fee question now before the Eleventh Circuit rules on the appeal, because a successful appeal would moot the issue. Plaintiff also points to the prejudice to Plaintiff from the resolution of the motion for fees that may force it to bond out the final judgment of fees at a time that the Plaintiff's association is under economic stress. Conversely, Plaintiff maintains, QBE would not be prejudiced by a delay.

3.      The Court's regular practice, however, is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.[2] The pending motion has shown no good cause why that practice should not be followed in this case.

4.      Putting that aside, the arguments raised in the motion to stay are self-defeating. The fact that Plaintiff's association may be in economic stress is by itself a reason not to unduly delay the entry of a final judgment that QBE may be entitled to obtain on the final judgment. QBE is apparently entitled under Florida law to a final judgment of fees and costs, apart from its entitlement to costs under federal law, and QBE like any judgment holder is entitled to execution on that judgment. If there is now a risk that such a judgment will not be worth the paper it is printed on, QBE is indeed prejudiced by an indefinite delay in resolution of this motion for fees.

---

[2] The exception to this practice occurs when both parties are in agreement to stay the issue pending appeal, which often (though not always) results in a stay being entered at the parties' request. The Court notes, however, that QBE has objected to a stay in this case.

5. Furthermore, to justify a stay of any proceeding, including a stay of resolution of a fee and cost motion, Plaintiff must show a substantial likelihood of success on the merits of its appeal. The Court's review of the motion, coupled with the record that includes Plaintiff's post-trial motions and the Court's Order denying those post-trial motions [D.E. 173], reveals that Plaintiff has not satisfied that basic predicate to obtain a stay. The appeal at this point does not present a very close question, as there appears to be sufficient evidence in the record to support the jury's verdict. Whether that ultimately turns out to be the case on appeal or not, for present purposes Plaintiff has not shown that an indefinite unsecured stay is warranted or justified under Fed. R. Civ. P. 62. Nor has Plaintiff shown that there is no prejudice to the judgment holder from such a stay, as the Court explained earlier. There may indeed be real prejudice to QBE if an indefinite stay is entered. Accordingly, the pending motion to stay lacks merit.

6. We also add that even if a particular court in a given case opts to enter a stay of a motion for fees and costs pending appeal, which undoubtedly is a matter within its discretion to do, that does not require a similar result in a different case involving different facts. Plaintiff's cited authorities are thus inapposite.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Stay Resolution of Motion for Fees and Costs [D.E. 188] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 12th day of August, 2010.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge