UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  08-23350-CIV-GRAHAM/TORRES

KING COLE CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

QBE INSURANCE CORPORATION,

      Defendant.

_____/

_____

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER AWARDING ATTORNEYS' FEES AND
COSTS AND TO ALTER OR AMEND JUDGMENT**

_____

The Plaintiff ("King Cole") moves the Court to reconsider and to alter or amend its order (DE 199) entered of September 29, 2010 awarding $345,337.25 in attorneys' fees and costs to the Defendant ("QBE").  For grounds, the Plaintiff states that this Court's order was erroneously based upon the conclusion that the Offer of Judgment filed by the Defendant was valid and enforceable.  That offer was instead invalid and unenforceable because the offer, when considered in connection with the Release of All Claims attached thereto, possesses numerous ambiguities that controlling case law has determined render invalid such an offer.  The offer was

ambiguous because it lacked important terms regarding the scope and effect of a confidentiality provision.  The attached release improperly required the release of non-parties including every person and entity in the world.  The offer of judgment was unenforceable due to a discrepancy between the amount of the offer and the consideration recited as being provided in the attached release.  Finally, the release improperly purported to bar claims and causes of action that were not and could not have been litigated in this lawsuit.  In support of this motion, the Plaintiff relies upon the following argument and authorities.

## I.

## INTRODUCTION AND OVERVIEW

Offers of judgment in diversity cases are governed by the substantive provisions contained in §768.79, Fla. Stat., and Florida Rule of Civil Procedure 1.442.  *See KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 194 Fed. Appx. 591 (11th Cir. 2006).  "Federal courts construing offers made pursuant to Section 768.79 consider the requirements of Florida Rule of Civil Procedure 1.442, which prescribes 'Form and Content of Proposal for Settlement.'" *Martin K. Eby Constr. Co. v. Jacksonville Transp. Auth.*, No. 3:03-cv-41-J-32TEM; 2006 U.S. Dist. LEXIS 45978 at *21 (M.D. Fla. July 7, 2006).

Although there are procedural components of Rule 1.442, the federal courts are bound to apply the substantive requirements of that rule in considering motions for attorney's fees based on the rejection of an offer of judgment in a diversity case. *See, e.g., Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, 697 F. Supp. 2d 1349 (S.D. Fla. 2009); *Morris v. Arizona Bev. Co., L.L.C.*, No. 03-60907-civ-GRAHAM/GARBER; 2005 U.S. Dist. LEXIS 45292 (S.D. Fla. Feb. 8, 2005)("despite the fact that the amended version of Rule 1.442 is labeled a rule of civil ***procedure*** it is substantive law for *Erie* purposes and applies in this action")(emphasis by court). *See also, e.g., McMahan v. Toto*, 311 F.3d 1077 (11th Cir. 2002)(applying Fla. R. Civ. P. 1.442 to offer of judgment in diversity case).

Some background on Section 768.79 and Rule 1.442 is important in guiding the resolution of this issue. As a penalizing mechanism in derogation of the common law rule otherwise requiring each party to pay its own fees, the statute and rule must be strictly construed. *See Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007). Consistent with this principle, all terms of an offer must be stated with particularity. *See Papouras v. BellSouth Telecommunications, Inc.*, 940 So. 2d 479, 479 (Fla. 4th DCA 2006). As the Supreme Court of Florida has noted, in *State Farm Mut. Auto Ins. Co. v. Nichols*, 932 So. 2d 1067 (Fla. 2006):

3

> The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions. Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation. Proposals for settlement are intended to end judicial labor, not create more.

*Id*. at 1079.

In examining whether there are ambiguities, a proposal for settlement must be "sufficiently clear and definite" to allow the offeree to make an "informed decision" without resorting to clarification. *See Nichols*, 932 So. 2d at 1079; *Carey-All Transp., Inc. v. Newby*, 989 So. 2d 1201 (Fla. 2d DCA 2008); *Saenz v. Campos*, 967 So.2d 1114, 1116 (Fla. 4th DCA 2007). The burden on clarifying the intent of a settlement proposal always must fall to the offeror, in the language of the proposal itself. *See Saenz, supra*. Any ambiguities that reasonably may affect a recipient's decision to accept or reject will result in the offer being declared invalid. *Nichols*, 932 So. 2d at 1079.

Any release required by an offer of judgment must be unambiguous as to what is being released. For example, in *Saenz v. Campos*, 967 So. 2d 1114 (Fla. 4th DCA 2007), a plaintiff sued a tortfeasor and UM carrier, filed a civil remedy notice, and then served an offer of judgment on the carrier. The offer stated all claims would be resolved, but also ambiguously stated all claims raised in the suit would be resolved.

4

The offer was struck down because these two statements were not consistent with one another. *See also Dryden v. Pedemonti*, 910 So .2d 854 (Fla. 5th DCA 2005)(proposal for settlement was ambiguous because it was unclear whether the language contained in the proposal would release PIP benefits claims or health insurance claims).

In order to be enforceable, an offer of judgment must clearly articulate which claims are being released. Likewise, an offer and accompanying release must clearly inform the offeree who is being released by acceptance of the offer.

> The district courts have consistently held, and we agree, that settlement proposals must clarify which of an offeree's outstanding claims against the offeror will be extinguished by any proposed release. *See, e.g., Dryden*, 910 So.2d at 856-57 (holding that the description of a general release was "not as clear and as certain as it should be," because it "could have been found ... to have extinguished" additional claims); *Palm Beach Polo*, 904 So.2d at 653 (holding that "the offer was legally deficient because plaintiff's acceptance could have extinguished other pending unrelated claims"); *Morgan v. Beekie*, 879 So.2d 110, 111 (Fla. 5th DCA 2004) (holding that an offer "cannot be a basis for an award of attorney's fees because it was both ambiguous and failed to make it clear that it was solely for personal injuries when the settlement of the property damage claim had not yet been fully consummated").

*Nichols, supra*, at 1079. *See also Sparklin v. Southern Indus. Associates, Inc.*, 960 So.2d 895 (Fla. 5th DCA 2007) (striking proposal where it was unclear who was being released).

5

As will be established in the following sections of this motion, the offer of judgment served by QBE was ambiguous and unenforceable because it is unclear who is being released, it purports to release claims that could not have been brought in this lawsuit, it contains ambiguity regarding the consideration being offered, and contains an ambiguous confidentiality provision. Therefore, the fee award should be altered or amended to reflect that QBE's motion is denied.

## II.

## APPLICABILITY OF RULE 59

Although there is no rule of civil procedure expressly pertaining to motions for reconsideration, "Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute." *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988). Grounds for granting a Rule 59 motion include "manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Rule 59(e) motions ordinarily "should not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). However, this Court has the discretion to consider an argument not previously raised where there otherwise would be a clear error of law or manifest injustice. *See American Home Assur. Co. v. Glenn Estess & Assocs*, 763 F.2d 1237, 1239 (11th Cir. 1985)("We do not imply that a

6

district court abuses its discretion in granting a Rule 59(e) motion to amend on grounds that are argued for the first time in the motion to amend").

As will be demonstrated, it would constitute clear error to award attorney's fees based upon the legally insufficient offer of judgment served in this case. Therefore, even though the sufficiency of the offer of judgment was not previously raised by predecessor counsel,[1] this Court should grant this motion and vacate its ruling awarding attorney's fees.

### III.

### THE LACK OF IMPORTANT CONFIDENTIALITY <u>TERMS RENDERS THE OFFER OF JUDGMENT INVALID</u>

One reason the offer of judgment and accompanying release are ambiguous and unenforceable is that the confidentiality provision contained in the release lacks important provisions regarding the scope and effect of that confidentiality requirement. That confidentiality provision in its entirety reads as follows: "It is further understood that this settlement is confidential and not intended for disclosure with the exception of disclosures required pursuant to Chapter 718 of the Florida

---

[1] Although he has not yet explained his failure to raise these significant challenges to the enforceability of the offer of judgment, predecessor counsel apparently was unaware that there is a great body of state and federal law rendering unenforceable ambiguous offers of judgment. Any failure of predecessor counsel to be aware of the law should not be visited upon his client, King Cole.

7

Statutes, as it may be amended from time to time, and applicable Florida law."
Chapter 718 is the Florida Condominium Act.   There are various disclosure
requirements for developers and non-developer unit owners under the Act, but the
confidentiality provision does not indicate which of those disclosure requirements
may be applicable.  *See* §718.503, Fla. Stat.  Further, there is nothing in the provision
indicating whether King Cole could share the terms of the settlement with financial
advisors, accountants, or others not subject to Chapter 718.

There is nothing in the confidentiality provision indicating the effect of a
violation of the confidentiality requirement.  It is conceivable that QBE could make
the argument that a violation was a material breach requiring repayment of the
$250,000 offer.  The provision has no expiration date, so it conceivably would apply
for all eternity.

The foregoing deficiencies in the confidentiality provision render the offer of
judgment unenforceable.  In *Swartsel v. Publix Supermarkets, Inc.*, 882 So. 2d 449
(Fla. 4th DCA 2004) a Florida appellate court invalidated an offer of judgment based
in large part on similar deficiencies in the confidentiality provision.  "For example,
with regard to the confidential settlement agreement being proposed, it would be
crucial to know what is being made confidential, who is covered by the
confidentiality, whether there is any period to the confidentiality, and what the

remedies are in the event of a breach."  *Id*. at 453.

Furthermore, QBE cannot enforce the confidentiality provision because it failed to apportion the monetary value of the provision.   It is clear that a confidentiality provision has some monetary value.  *See Danow v. The Law Office of David E. Borack, P.A.*, 367 Fed. Appx. 22 (11th Cir. 2010)("the Law Office's Offer of Judgment also contained a condition—that Danow sign a confidential release. While it is difficult to assess the value of this condition, it presumably was worth *something* to the Law Office, signifying that Danow's ultimate recovery, which did not contain this condition was 'more favorable' to Danow than that provided in the Offer of Judgment'")(emphasis in original)(unpublished opinion).

Without placing a value on the confidentiality provision, an offeree like King Cole cannot make an informed decision to accept or reject such an offer:

> Under §768.79, you offer an "amount," not a deal.  You can't apply mathematics to "non-monetary offers."  If the defendant offers $100 but demands a confidentiality agreement as a condition to settlement, I just don't see how the statutory calculation can be made. The confidentiality agreement clearly has value, but how can it be calculated and measured against the net judgment? Non-monetary terms introduce elements into the settlement process that are not designed to be there.

*Dryden v. Pedemonti*, 910 So. 2d 854, 857 (Fla. 5th DCA 2005)(Griffin, J., specially concurring).

It is too late now for QBE to offer limitations on the confidentiality provision that would purport to cure any ambiguity.  In *Jablonski v. St. Paul Fire & Marine Ins. Co.*, No.2:07-cv-00386; 2010 U.S. Dist. LEXIS 34176 (M.D. Fla. April 7, 2010), the court invalidated an offer of judgment based on ambiguity in the attached release's confidentiality provision impairing the offeree's knowledge of his obligations under that provision.  The court rejected the argument that St. Paul's post-offer clarification of the provision cured the defect, stating: "Such clarification would not cure any existing ambiguity, because the settlement documents themselves must be clear and unambiguous without further clarification."  *Id* at *12.

In the present case, King Cole could not make an informed decision concerning the offer of judgment without significant further information regarding the proposed confidentiality provision.   That ambiguity renders the offer of judgment unenforceable and the fee award based thereon should be vacated.

## IV.

## THE OFFER OF JUDGMENT WAS UNENFORCEABLE BECAUSE THE ATTACHED RELEASE AMBIGUOUSLY REQUIRED RELEASE OF EVERY PERSON AND ENTITY, NOT JUST THE DEFENDANT

This Court should reconsider its award of fees to QBE because the offer of judgment upon which that award was based was unenforceable due to ambiguity in the attached release, which purported to release the entire world from liability to King

10

Cole.  The release did not just absolve QBE from liability to the Plaintiff, but identified as "Releasee[s] . . . those parties specifically named in the this Release and *all other entities and persons,* natural and corporate." (Emphasis added).  The release does not even limit its scope even to those persons and entities related to QBE.  For example, literally read the offer of judgment requires King Cole to release claims for legal malpractice against its predecessor counsel arising out of this litigation.  That is a not valid provision in an offer of judgment from an adversary.

Following the damage from Hurricane Wilma that gave rise to the claim by King Cole against QBE involved in this lawsuit, King Cole contracted with various window glass providers to replace significant portions of the windows in the condominium.  Claims arose against one of those contractors that would have been released as a result of the broad release attached to the offer of judgment.  Likewise, other claims related to the hurricane damage would be released even though those claims were not involved in this lawsuit against QBE.

An offeree cannot be compelled to resolve claims against entities outside of those who deliver the offer. *See Palm Beach Polo Holdings, Inc. v. Village of Wellington*, 904 So. 2d 652, 653-54 (Fla. 4th DCA 2005)(proposal ambiguous because acceptance may have extinguished claims outside of those in the pending suit between the parties to the proposal: "Acceptance could cause plaintiff to relinquish

a claim that it would not otherwise have done.")

The release attached to QBE's offer of judgment was more ambiguous than the one found to render unenforceable the offer of judgment in *Sparklin v. Southern Industrial Associates, Inc.*, 960 So. 2d 895 (Fla. 5th DCA 2007).  In that case one of the defendants, Southern Industrial, served an offer of judgment upon the plaintiff attaching a release would "hereby remise, release, acquit, relieve, and forever discharge SOUTHER [sic.] INDUSTRIAL ASSOCIATES and AUTO OWNERS INSURANCE COMPANY, and their past, present and future agents, servants, employees, officers, directors, shareholders, insurers, successors and assigns, and any persons, firms, or corporations in privity with any of them." *Id.* at 896.  Additional language in the release would have had the effect to "release, acquit, relieve, and forever discharge ***any person or entity*** and their past, present, and future agents, servants, employees, officers, directors, shareholders, insurers, successors and assigns from any and all claims based upon vicarious, derivative or technical liability for any act or omission on the part of Southern Industrial Associates." *Id.* at 897 (emphasis added).

Mr. Sparklin did not accept that offer and, after a judgment was entered in favor of Southern Industrial, the trial court awarded fees against him pursuant to § 768.79.  On appeal that award was reversed by the Fifth District Court of Appeal,

which held as follows:

> When the appellee, Southern Industrial, served its offer of judgment, the general release required by the offer to be executed by Mr. Sparklin would have released Southern Industrial and its insurer, Auto Owners Insurance Company, from all actions, suits, sums of money, trespasses, controversies, damages, losses, injuries, and so forth, arising out of the accident that was the subject matter of the suit, including all claims asserted or which could have been asserted. The ambiguity arises because Auto Owners insured both Southern Industrial and one of the other defendants, Tom Waltz, Inc., the owner of the truck and hydraulic hoist whose bed fell on Mr. Sparklin. Thus, ***accepting the offer of judgment might well have had the effect, unintended or otherwise, of releasing another party not named in the release.***
>
> Similarly, the General Release would have required Mr. Sparklin to release any "persons, firms, or corporations in privity with" Southern Industrial or Auto Owners for damages arising out of the subject accident. It appears that yet another of the defendants, Bartow Ford Company, was the retailer of the truck and hydraulic hoist, and had contracted with Southern Industrial to install the hoist. ***Thus, as a result of the privity language, yet another unnamed party could have been released***.
>
> ***Given the ambiguities contained in the release, it appears to us that the particularity requirement of rule 1.442 is offended by this offer of judgment. As lack of particularity is held against the offeror, we can only conclude that the offer of judgment is unenforceable.***

*Id.* at 898 (emphasis added).

The release attached to QBE's offer of judgment was more ambiguous than the one in the *Sparklin* case, in that it released parties not affiliated with QBE whose identities cannot be determined from the offer and release. Therefore, the fee award

13

should be vacated.

## V.

### THE FEE AWARD SHOULD BE SET ASIDE DUE TO A DISCREPANCY BETWEEN THE AMOUNT OF THE OFFER AND THE CONSIDERATION IN THE RELEASE

Yet another reason the offer of judgment is unenforceable, and requiring the fee award to be set aside, is that there is a discrepancy between the amount stated in the offer, and the consideration for the settlement set forth in the attached release. The offer of judgment reflects that the sole consideration being offered to King Cole is $250,000. However, in the release attached to that offer the consideration is ambiguously referred to as $250,000 "and other good and valuable consideration." The documents give no hint about what thing of value is being given to King Cole, in addition to the monetary offer. That discrepancy renders the offer unenforceable.

In *Stasio v. McManaway,* 936 So. 2d 676 (Fla. 5th DCA 2006), the defendant served an offer of judgment upon the plaintiff which stated: "'The amount which will be paid on behalf of STEPHEN MCMANAWAY to LUCY STASIO is $ 60,000.' However, the release which was attached to the proposal states the consideration was "the sum of FIFTY NINE THOUSAND NO/100 DOLLARS ($ 60,000.00)." *Id.* at 677. After a verdict less favorable than the offer the trial court awarded fees to the defendant, finding that the discrepancy between the numerals and the typed amount

14

of the consideration being offered was a mere typographical error that could be
disregarded.

On appeal, the fee award was reversed based on the discrepancy between the
amounts set forth in the offer and one of the amounts in the release. The court held:

> The requirements for a valid proposal for settlement are set forth
> in section 768.79 and Florida Rule of Civil Procedure 1.442. [5]The
> language in rule 1.442 must be strictly construed because the offer of
> judgment statute and rule are in derogation of the common law rule that
> each party pay its own attorney's fees. *Willis Shaw Express, Inc. v.
> Hilyer Sod, Inc.,* 849 So. 2d 276 (Fla. 2003); *Hibbard ex rel. Carr v.
> McGraw,* 918 So. 2d 967 (Fla. 5th DCA 2005).
>
> The purpose of rule 1.442 is to sanction a party who does not
> timely accept a settlement offer made prior to trial by shifting payment
> and recovery of costs after the offer is made. It is a punitive measure
> and should be construed in favor of the party to be sanctioned. *Hibbard*;
> *Loy v. Leone,* 546 So. 2d 1187 (Fla. 5th DCA 1989). But for the offer of
> judgment statute, the party would have to pay his or her own attorney's
> fees. *Hibbard,* 918 So. 2d at 971.
>
> Because the offer of judgment statute and related rule must be
> strictly construed, virtually ***any*** proposal that is ambiguous is not
> enforceable. *Hibbard; Barnes v. The Kellogg Company,* 846 So. 2d 568
> (Fla. 2d DCA 2003), *disapproved on other grounds*, *Lamb v.
> Matetzschk*, 906 So. 2d 1037 (Fla. 2005). *See also Nichols v. State
> Farm,* 851 So. 2d 742 (Fla. 5th DCA 2003), *approved*, 932 So. 2d 1067,
> 2006 Fla. LEXIS 982, 2006 WL 1491542, 31 Fla. Weekly S358 (Fla.
> 2006) (terms and conditions of proposal should be devoid of ambiguity,
> patent or latent; moreover, proposal should be capable of execution
> without the need for further explanation or judicial interpretation).

\*   \*   \*

Even assuming the reference to $59,000 was a mere typographical

error, the consequences of that error must fall on McManaway. As this court has noted, the burden of clarifying the intent or extent of a settlement proposal cannot be placed on the party to whom the proposal is made. *Dryden v. Pedemonti*, 910 So. 2d 854 (Fla. 5th DCA 2005).

*Since the release was ambiguous, the proposal did not support an award of attorney's fees under the offer of judgment statute. See Palm Beach Polo Holdings* (offer of judgment failed to satisfy requirement that offers state with particularity all conditions and non-monetary terms; proposed general release attached to offer was ambiguous as to whether it would extinguish claims unrelated to those in the pending action); *Nichols,* 851 So. 2d at 746 (where intent of release condition could not be determined without resort to clarification or judicial interpretation, release was not sufficiently particular and proposal for settlement would not support award of attorney's fees). *See also Hibbard* (settlement proposal directed to passenger who was injured in an automobile accident was unclear and ambiguous and thus did not entitle defendants to award of attorney fees after entry of judgment in their favor); *Jamieson* (proposal for settlement was invalid where, among other things, the proposal listed settlement amount as $ 200 in one paragraph but as $ 1,000 in another paragraph).

*Id.* at 678-79 (emphasis added; footnote deleted).

Finally on this point, King Cole also observes that the release in question expressly identified Florida Intracoastal Underwriters, Ltd. as a releasee, even though that entity was not a party to this lawsuit.  That combined with the identification of every person and entity in the world as a releasee renders the offer of judgment invalid and supports reconsideration of the fee award.

16

**VI.**

**THE OFFER OF JUDGMENT IS UNENFORCEABLE
BECAUSE THE RELEASE INCLUDES CLAIMS THAT
COULD NOT HAVE BEEN BROUGHT IN THIS LAWSUIT**

The last reason why the offer of judgment is unenforceable and the attorney's

fee award should be vacated is because the release included claims that could not

have not been litigated in the present lawsuit. That release purported to resolve not

only the claims pending in this case, but "any and all other claims, demands or

damages arising under the policy, arising out of the adjustment process, arising out

of contract, arising under statute, *or involving extra-contractual relief, bad faith, or*

*unfair claim practices*." (Emphasis added).

By including those enumerated claims that were not and could not have not

been brought in this lawsuit, QBE invalidated the offer of judgment. "Though Florida

law allows the party making an offer of judgment to insist on a (properly limited)

release, it is not too much to ask that the offeror make clear that its proposed release

is *limited to claims that were or could have been made in the lawsuit*." *Panama*

*City Condos, Limited Partnership v. Adjusters Int'l Colorado, Inc.*, No. 4:08-cv-369-

RH/WCH; 2009 U.S. Dist. LEXIS 123184 at *13 (N.D. Fla. Dec. 28,

2009)("Greenberg's inclusion in its offers of judgment of a release provision not

limited to claims that were or could have been made in this lawsuit precludes

17

Greenberg from recovering attorney's fees based on Adjuster's rejection of the offers").

King Cole could not have sued QBE in this litigation for extra-contractual damages or bad faith because those claims were unripe until the judgment was entered in this case. "It is well settled that a statutory first-party bad faith action is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage . . . , or any such defense has been adjudicated adversely to the insurer; and, (2) the actual extent of the insured's loss must have been determined." *State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n*, 34 Fla. L. Weekly D 2119 (Oct. 14, 2009)(*accord Vest v. Travelers Ins. Co.*, 753 So. 2d 1270 (Fla. 2000).

The damages potentially awardable in a bad faith action filed after the successful conclusion of a suit for policy benefits cannot be considered in evaluating an offer of judgment during that suit under the policy. "The bad faith action is a separate and distinct cause of action, which did not accrue until completion of the initial action and thus cannot be used to obtain attorney's fees under the demand for settlement filed in the initial action." *Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163, 164 (Fla. 5th DCA 2010). Thus, the release in the present case having improperly included claims for damages that could not have been brought in this lawsuit, the offer of

18

judgment was legally insufficient and an attorney's fee award based thereon should be vacated.

## CONCLUSION

WHEREFORE, the offer of judgment and attached release being ambiguous for a number of reasons rendering it unenforceable, the fee award being clearly erroneous and it being manifestly unjust to allow the award to stand, this Court should reconsider its award and alter or amend the judgment so as to deny QBE's motion.

## CERTIFICATE OF COUNSEL

Pursuant to So. Dist. Gen. R. 7.1(a)(3), the undersigned hereby certifies that he has communicated regarding this motion in a good faith effort to resolve by agreement the issues to be raised in this motion with opposing counsel, Amy Millan DeMartino, but the parties have been unable to resolve the issues without the necessity of filing this motion.

Respectfully submitted,

WASSON & ASSOCIATES, CHARTERED
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, FL 33130
(305) 372-5220 Telephone
(305) 372-8067 Facsimile

*roy@wassonandassociates.com*

Co-Counsel for Plaintiff

By: s/Roy D. Wasson
ROY D. WASSON
Florida Bar No. 332070

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this the 13th day of October, 2010.

By:   s/Roy D. Wasson
ROY D. WASSON
Florida Bar No. 332070

## Service List

*Counsel for Plaintiff*

Evelyn Maureen Merchant
Email: emerchant@berklawfirm.com
Melissa M. Sims
Email: msims@berklawfirm.com
Sorraya Solages
Email: ssolages@berklawfirm.com
William S. Berk
Email: wberk@berklawfirm.com
Berk Merchant & Sims PLC
Penthouse 1
2100 Ponce De Leon Boulevard
Coral Gables, FL 33134
786-338-2879
Fax: 786-364-1816

Amy Millan DeMartino
Email: ademartino@wickersmith.com
James Joseph Wicker , II.
Email: dmacleod@wickersmith.com
Wicker Smith O'Hara McCoy & Ford, P.A.
515 N. Flagler Drive
Suite 1600
West Palm Beach, FL 33401
561-689-3800
Fax: 561-689-9206

Michael Lawrence Schwebel , Jr.
Wicker Smith
1645 Palm Beach Lakes Boulevard
Suite 700 PO Box 2508
PO Box 2508
West Palm Beach, FL 33402
561-689-3800
Fax: 561-689-9206
Email: mschwebel@wickersmith.com

*Counsel for Plaintiff (Cont'd)*

Roy D. Wasson
Wasson & Associates, Chartered
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, FL 33130
(305) 372-5220 Telephone
(305) 372-8067 Facsimile
*roy@wassonandassociates.com*

*Counsel for Defendant QBE Insurance*

Daniel S. Rosenbaum
Email: drosenbaum@rmjslaw.com
John Marcus Siracusa
Email: jsiracusa@RMJSLaw.com
Joseph William Janssen , III
Email: jjanssen@RMJSLaw.com
Melissa Devlin
Email: mdevlin@RMJSlaw.com
Laurel Ruthanne Wiley
Email: lwiley@RMJSLaw.com
Richard Chambers Valuntas
Email: rvaluntas@rmjslaw.com
Rosenbaum Mollengarden Janssen &
Siracusa, PLLC
Suite 500
250 Australian Avenue
One Clearlake Center
West Palm Beach, FL 33401
561-653-2900
Fax: 561-820-2542