UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-23350-CIV-GRAHAM/TORRES

KING COLE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,
a foreign corporation,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER AWARDING ATTORNEYS FEES AND COSTS

This matter is before the Court on Plaintiff's Motion [D.E. 201] for Reconsideration of Order Awarding Attorney's Fees and Costs and/or to Alter or Amend Judgment. Upon review of the Motion and the arguments presented therein, the Court finds that a response to the Motion will not be necessary. The Motion can be denied on its face.

First, the Motion raises arguments that were never presented in Plaintiff's original opposition to the Motion for Attorneys' Fees filed by Defendant after prevailing in the action and pursuant to Fla. Stat. § 768.79. Plaintiff's opposition challenged the amount of fees and costs requested under this Florida fee-shifting provision. Plaintiff concedes in the pending Motion that it never before challenged Defendant's *entitlement* to fees and costs under the statute. Now, for whatever reason, Plaintiff seeks to

challenge Defendant's entitlement to fees and costs based upon purported ambiguities in the offer of judgment or proposal for settlement, which render the entire offer unenforceable despite what appear to be facially clear terms in the offer submitted to experienced counsel who never challenged the offer itself, through a motion to strike or otherwise.

After this Court thoroughly and painstakingly reviewed the arguments raised by Plaintiff in opposition to the motion, which resulted in a material reduction of the fees and costs requested by Defendant, Plaintiff (still unsatisfied) seeks to start over and have the Court review the matter anew with arguments that could have, but were not, raised in a timely fashion in opposition to the original motion. The Court, in its discretion and upon reflection, finds that Plaintiff's pending Motion seeks untimely relief and does not warrant the type of reconsideration requested. Indeed, the law in this Circuit is crystal clear, as the Eleventh Circuit explained in a recent decision, *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 957-58 (11th Cir. 2009). *Wilchombe* affirmed a district court's denial of a motion for reconsideration on a similar motion (a motion for summary judgment) that raised arguments and legal theories never raised in the original opposition to the motion:

> [Plaintiff's] arguments are replicated from his motion for reconsideration. A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005). This prohibition includes new arguments that were "previously available, but not pressed." *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam) (motion to alter judgment properly denied where plaintiffs waited until after case was dismissed to raise argument that Virginia law applied, rather than

> Florida law). A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion. *See O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992). Denial of a motion to amend is "especially soundly exercised" when a party gives no reason for not previously raising an issue. *Id.* (quotation marks and citation omitted).
>
> . . . . [After failing to defeat summary judgment on the arguments originally presented, Plaintiff] then did an about-face when he used the letter in his motion for reconsideration as evidence of revocation. [Plaintiff] gave no reason in his motion for reconsideration, nor does he now, why he failed to raise this new legal theory before judgment was rendered. Accordingly, it was well within the district court's sound discretion to deny the motion for reconsideration on [Plaintiff's] claim that he revoked the implied license. *See O'Neal,* 958 F.2d at 1047 (motion to amend judgment properly denied because "[n]owhere, until after judgment, did intervenors even whisper that ERISA might govern this case").
>
> The same principle governs [Plaintiff's] argument that an issue of genuine material fact exists as to . . . an implied license. . . . These arguments could and should have been presented to the district court for consideration prior to his decision on the summary judgment motion. The district court properly rejected these arguments for this reason, and we likewise refuse to give [Plaintiff] a "second bite at the apple." *O'Neal,* 958 F.2d at 1047.

The same analysis fully addresses the issues now raised by Plaintiff in the pending Motion. Having obtained only limited success through its original arguments in opposition to the motion for fees, Plaintiff – without any explanation or suggestion why any entitlement arguments could not have been raised earlier – simply asks that the Court exercise its discretion to reopen the matter and consider new legal theories. But the Motion presents no persuasive factual or legal basis for the Court to do so under the circumstances. To paraphrase Judge Birch, this too constitutes a second – but untimely – bite at the apple. The Court will not entertain these untimely arguments now and rests this Order entirely on that procedural basis.

Second, we note that the substantive arguments raised in the motion rely on various cases that have undermined the application of an otherwise clear statute through legal arguments that "ambiguities" or "deficiencies" existed in the form of an offer of judgment/proposal for settlement, which made the entire process unenforceable notwithstanding the clear intent of the Florida state legislature.  Without rendering any holding in this Order as to the applicability of those line of cases to the facts and circumstances presented, we point out that some of those cases are no longer sound, *e.g., Swartsel v. Publix Super Markets, Inc.,* 882 So. 2d 449 (Fla. 4th DCA 2004), *abrogated by State Farm Mut. Auto Ins. Co. v. Nichols,* 932 So. 2d 1067, 1078 (Fla. 2006), or have not been followed by more recent persuasive authorities from other Florida District Courts of Appeal, *see, e.g., Eastern Atlantic Realty & Inv. Inc. v. GSOMR LLC,* 14 So. 3d 1215, 1220 (Fla. 3rd DCA 2009); *Kee v. Baptist Hosp. of Miami, Inc.,* 971 So. 2d 814, 816-17 (Fla. 3rd DCA 2007).

Hence, had the Court exercised its discretion to reopen this matter the result may not have changed.  But we need not make that finding definitive because the arguments raised on these new legal theories, even if viable, are foreclosed by the failure to timely raise them in opposition to the original motion for fees and costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Order Awarding Attorneys Fees and Costs and to Alter or Amend Judgment [D.E. 201] is **DENIED**.  The Court's Order shall be treated as a Final Order, for which sum execution may issue unless timely stayed by agreement or pursuant to Fed. R. Civ. P. 62.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of October, 2010.

    /s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge